IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLEETWOOD SERVICES, LLC, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-268 |
| | : | |
| COMPLETE BUSINESS SOLUTIONS | : | |
| GROUP, INC. | : | |
| *doing business as* | : | |
| PAR FUNDING | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**  May 13, 2019

Plaintiffs Fleetwood Services, LLC (Fleetwood Services), Robert L. Fleetwood, and Pamela A. Fleetwood (collectively, Plaintiffs), on their own behalf and on behalf of those similarly situated, allege Defendants Complete Business Solutions Group, Inc. (CBSG) d/b/a Par Funding, Prime Time Funding, LLC (PTF), and unnamed John and Jane Does worked together to exploit cash-strapped small businesses by luring them into endless cycles of usurious debt. The Court denied Defendants' motions to dismiss, partially on the basis that Texas law, and not Pennsylvania law, applied to the Factoring Agreement which governed the relationship between CBSG and Plaintiffs. *See* Order, Mar. 29, 2019; Mem., Apr. 10, 2019. CBSG subsequently moved for reconsideration of the choice of law issue and to certify the Court's Order and Memorandum for review by the Third Circuit Court of Appeals. For the reasons explained below, both motions will be denied.

**FACTS**

Plaintiffs' Amended Complaint alleges Defendants lured Plaintiffs—and others similarly situated—into usurious debt.[1] Defendants moved to dismiss the Amended Complaint, which

---

[1] The Court outlined the underlying allegations in its April 10, 2019, Memorandum and need not repeat them here.

required the Court to determine whether the interest rate Plaintiffs paid pursuant to the Factoring Agreement violated state usury laws.[2] This, in turn, required the Court to consider whether the Factoring Agreement was to be construed under the law of Texas—where Plaintiffs allegedly reside and do business, and commercial loans are subject to interest rate limits—or Pennsylvania, the state selected by the parties' agreement, and a state with no interest rate limits for commercial loans. The Court applied Pennsylvania choice of law principles and determined Texas law applied.

CBSG subsequently moved for reconsideration of the Court's decision to apply Texas law, *see* CBSG Mot. for Recons., and to certify the Court's Order and Memorandum for review by the Third Circuit pursuant to 28 U.S.C. § 1292(b), *see* CBSG Mot. for Certification. Plaintiffs opposed both motions. *See* Opp'n to Mot. for Recons.; Opp'n to Mot. for Certification. The motions are now ripe for decision.[3]

**DISCUSSION**

The Court turns first to CBSG's motion for reconsideration. As explained in greater detail below, CBSG has failed to identify a clear legal or factual error meriting relief. Instead, the bulk of its meritless motion advances a veiled attempt to relitigate issues decided in the Court's April 10, 2019, Memorandum. This is inappropriate, and the motion will therefore be denied.

---

[2] The underlying commercial transaction was documented in an instrument entitled, "Factoring Agreement." Plaintiffs contend the Factoring Agreement was not a true factoring agreement, i.e., a lump sum payment for the right to collect accounts receivable, but actually a loan, and the payments in excess of the principal borrowed, interest. As noted in the Court's Memorandum, neither CBSG nor PTF adequately challenged this characterization—despite its obvious significance (as the Court recognized, without a loan there can be no usury). Thus, the Court presumed for purposes of the motion to dismiss that the Factoring Agreement was a loan. To the extent it is relevant to the instant motions, the Court makes the same assumption here.

[3] The period for CBSG to have timely sought leave to file reply briefs expired on May 10, 2019, without CBSG having filed such briefs.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation and internal quotation marks omitted). To succeed on such a motion, the party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its prior decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation and internal quotation marks omitted). Thus, "[n]ew arguments that could have been raised prior to entry of judgment are not properly considered on a motion for reconsideration." *U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515, 526 (E.D. Pa. 2006)).

CBSG argues the Court committed a clear error of law by purportedly overlooking Paragraph 4.5 of the Factoring Agreement, which states Pennsylvania law will apply "without regards to any applicable princip[les] of conflicts of law." Mot. for Recons. Ex. A, at 4. The Court disagrees. Although the Court cited Paragraph 1.10 for the proposition that the Factoring Agreement called for application of Pennsylvania law, and not Paragraph 4.5, the language of the two paragraphs is substantively identical. Paragraph 1.10 states: "[Fleetwood Services] ACKNOWLEDGES THAT PENNSYLVANIA LAW APPLIES TO THIS AGREEMENT." *Id.* at 2. Similarly, Paragraph 4.5 states: "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable princip[les] of conflicts of law." *Id.* at 4. Whether the Court construed Paragraph 1.10 or 4.5, it is

3

clear the plain language of the Factoring Agreement called for the application of Pennsylvania law—a legal issue the Court recognized, Plaintiffs challenged, CBSG failed to adequately rebut, and the Court addressed in an extensive analysis. Thus, the Court discerns no clear error requiring reconsideration of its choice of law analysis.

To the extent there is a distinction between Paragraphs 1.10 and 4.5, CBSG—for the first time—draws the Court's attention to the language in Paragraph 4.5 calling for the application of Pennsylvania law "without regards to any applicable princip[les] of conflicts of law." *Id.* Citing this clause, CBSG argues the Court should not have undertaken *any* conflicts analysis. *See* Mot. for Recons. 2. This argument falls well short of justifying reconsideration for two reasons.

First, CBSG's argument is a belated—and transparent—attempt to relitigate the choice of law issue. Despite having had several opportunities to raise its opposition to the Court's application of a choice of law analysis, CBSG did not, and its after-the-fact argument is thus an inappropriate basis for reconsideration. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (noting reconsideration is not a means to allow a disappointed litigant a "second bite at the apple"); *see also Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) ("The key to success on a motion [for reconsideration] is to show that there were facts or legal issues properly presented but overlooked by the court in its decision.").

However, CBSG's argument is more than late—it is inconsistent and borders on disingenuous. CBSG filed motions to dismiss Fleetwood's Complaint and Amended Complaint, and in each of its filings acknowledged Pennsylvania choice of law principles governed. *See* Notice to Dismiss for Failure to State a Claim 5 (noting Pennsylvania utilizes Section 187 of the Restatement (Second) of Conflicts of Laws to determine choice of law issues); Mot. to Dismiss

4

Am. Compl. 5-6 (noting Pennsylvania utilizes Section 187 of the Restatement (Second) of Conflicts of Laws to determine choice of law issues). Fleetwood, in its response to CBSG's motion to dismiss the Amended Complaint, also argued under Pennsylvania choice of law principles. Opp'n to Mot. to Dismiss Am. Compl. 9-13. Yet, CBSG did not file a response to what it now suggests was an error sufficient to justify reconsideration. Presumably, if CBSG actually believed *no* choice of law principles applied (as opposed to raising this argument because the Court rejected its earlier position), it would have raised this argument in *any* of its *multiple* briefs or in a reply to Fleetwood's opposition. It did not.

Moreover, during the Court's November 2, 2018, oral argument on CBSG's motion to dismiss, CBSG did not raise this issue when the Court inquired about the choice of law issue, gave CBSG the opportunity to respond to Fleetwood's choice of law analysis, or when, at the conclusion of the hearing, the Court inquired as to any other matter requiring its attention. Although the Court stops short of accusing CBSG of deliberately misleading the Court by taking a new and inconsistent position, if CBSG actually believed in the merits of its position, it would have advanced it during any of the numerous opportunities the Court provided.

CBSG's insincerity is further revealed by CBSG's filings in similar matters concerning its factoring agreements. In those briefs, which were filed in cases of which this Court took judicial notice at CBSG's request, CBSG took the same position it now eschews, i.e., Pennsylvania choice of law principles apply to its factoring agreements. *See Suess v. Complete Bus. Sols. Grp., Inc.*, No. 17-4622, Mot. to Dismiss 8; *id.*, Mot. to Dismiss Am. Compl. 14; *Complete Bus. Sols. Grp., Inc. v. Radiant Images, Inc.*, No. 18-4013, Opp'n to Def.'s Mot. to Vacate J. 9. The inconsistency between CBSG's prior position in this and other litigation reinforces the impression that its change of tactics was the result of the adverse ruling it received in the Court's April 10, 2019,

5

Memorandum—and not this Court's failure to adequately consider an issue properly presented to it. *See Blue Mountain Mushroom Co., Inc.*, 246 F. Supp. 2d at 398-99 ("The key to success on a motion is to show that there were facts or legal issues properly presented but overlooked by the court in its decision." (citation omitted)). Because the Court concludes CBSG's motion for reconsideration is an attempt to relitigate the choice of law issue, reconsideration is not warranted and the motion will be denied.

Second, even assuming CBSG's new argument was not an attempt to relitigate the choice of law issue, it is also unavailing. CBSG has cited no authority—binding or persuasive—in which a court has enforced a choice of law provision in a contract over the objection of another party to the contract without evaluating that provision under choice of law principles. Indeed, of the few cases the Court located which (1) reference choice of law language identical to Paragraph 4.5 and (2) the court confronted a choice of law issue, both courts considered choice of law principles. *See Power Up Lending Grp., Ltd. v. Danco Painting, LLC*, No. 15-4537, 2016 WL 5362558, at *4 (E.D.N.Y. Aug. 10, 2016) (applying New York choice of law principles to determine whether Virginia law applied, despite contract language calling for application of Virginia law "without regards to any applicable princip[les] of conflicts of law"); *Saturn Funding, LLC v. NRO Bos., LLC*, No. 16-2523B, 2017 WL 836547, at *2-3 (Mass. Super. Ct. Feb. 21, 2017) (granting a motion to remove default and finding defendant had a meritorious defense to a judgment obtained under New York law where the agreements appeared to be "Massachusetts agreements," despite a provision in the contract specifying New York as the governing law "without regards to any applicable princip[les] of conflicts of laws"). Thus, because it has failed to support its position

Paragraph 4.5 prohibits a choice of law analysis, CBSG's motion for reconsideration fails and will be denied.[4]

The Court next turns to CBSG's motion to certify the Court's March 29, 2019, Order and April 10, 2019, Memorandum for review by the Third Circuit pursuant to 28 U.S.C. § 1292(b). The Court will deny the motion because CBSG failed to carry its burden "to demonstrate that exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).

While appellate courts have jurisdiction over appeals arising from a district court's final order, *see* 28 U.S.C. § 1291, a district court may, in its discretion, certify an interlocutory order for immediate appeal, *see id.* § 1292(b); *see also Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp 319, 320 (E.D. Pa. 1994) ("The decision to certify an order for immediate appeal lies within the sounds discretion of the trial court."). The order from which interlocutory appeal is taken must (1) involve a controlling question of law; (2) offer grounds for a substantial difference of opinion; and (3) be of a nature that an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Zygmuntowicz v. Hosp. Inv., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993). The party seeking certification bears the burden of showing all three factors are met. *Duffy v. Lawyers Title Ins.*, No. 11-4503, 2012 WL 2527027, at *2 n.6 (E.D. Pa. July 2, 2012).[5] And, even if all three factors are present, the decision to certify an order for appeal remains

---

[4] To the extent CBSG seeks to challenge the factual underpinnings of the Court's choice of law analysis, it may reassert the choice of law issue at summary judgment.

[5] CBSG's motion suggests it need only satisfy the "controlling question" prong. Mot. for Certification 3 ("Because Defendant need only show that the Orders 'involve[] *a* controlling question of law,' 28 U.S.C. Section 1292(b) (emphasis added), the Court should find the requirements of the statute satisfied . . . ."). This position is plainly contrary to the text of the statute

within the discretion of the district court. *See L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)).

The parties' briefs focus on whether CBSG has established the existence of substantial grounds for difference of opinion. This element of the § 1292(b) test is met "when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 478 (E.D. Pa. 2009). "A party may establish that substantial grounds for difference of opinion exist by demonstrating that different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Davis v. State Farm Ins.*, No. 11-3401, 2013 WL 775524, at *4 (E.D. Pa. Mar. 1, 2013); *see also Montgomery Cty. v. MERSCORP, Inc.*, No. 11-6968, 2014 WL 4452971, at *1 n.2 (E.D. Pa. Sept. 8, 2014) ("The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts."). "[D]ispleasure with the Court's holding cannot serve to demonstrate the section 1292(b) requirement" that there are substantial grounds for difference of opinion. *Arkema, Inc. v. Commerce & Indus. Ins. Co.*, No. 06-2152, 2007 WL 1437458, at *1 (E.D. Pa. May 14, 2007).

CBSG claims there is a "substantial ground for difference of opinion whether Texas law or Pennsylvania should apply in this case," but offers no evidence to support its claim. In its brief,

---

and long-standing Third Circuit precedent, each of which make clear *all* of § 1292(b)'s prerequisites must be satisfied to obtain relief. *See* 28 U.S.C. § 1292(b) (granting a district court discretion to certify an order for interlocutory appeal where the court finds "such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation"); *see also Katz v. Carte Blanche Corp.*, 495 F.2d 747, 754 (3d Cir. 1974) (noting § 1292(b) "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate. The order *must* (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation." (emphasis added)).

CBSG relies on three cases.[6] However, these cases—two of which discuss choice of law issues in the personal injury context, and the third discusses choice of law issues in the admiralty law context—are so inapposite even basic research should have warned counsel to steer clear.[7] As the Third Circuit has recognized, and this Court noted in its Memorandum, choice of law analyses under Pennsylvania law differ based on the substantive law at issue and, specifically, when the underlying claims sound in tort and contract. *See Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 463 (3d Cir. 2006) ("[T]o properly apply the Second Restatement and remain true to the spirit of Pennsylvania's 'flexible approach,' we must first characterize the particular issue before the court as one of tort, contract or corporate law."). Thus, CBSG's citation to tort and admiralty cases is unhelpful, where, as here, the choice of law issue sounds in contract.

Because CBSG has offered no evidence suggesting substantial grounds for a difference of opinion as to the application of Texas or Pennsylvania law, it has failed to establish its right to relief under 28 U.S.C. § 1292(b).[8] Its motion to certify will therefore be denied.

---

[6] CBSG cites *Kelley v. National Pipe & Plastics, Inc.*, No. 10-153, 2012 WL 1145021, at *1 (M.D. Pa. Apr. 5, 2012) (conducting a choice of law analysis pursuant to Restatement (Second) of Conflicts of Laws § 6 to determine whether Georgia or Pennsylvania comparative negligence laws would apply to plaintiff's claims), *Kelly v. Ford Motor Co.*, 933 F. Supp. 465 (E.D. Pa. 1996) (conducting a choice of law analysis pursuant to Restatement (Second) of Conflicts of Laws § 145(2) to determine choice of law issue in personal injury case), and *Calhoun v. Yamaha Motor Corp., USA*, 40 F. Supp. 2d 288 (E.D. Pa. 1999) (addressing choice of law issues arising under federal admiralty law).

[7] The inadequacy of CBSG's legal support is compounded by the total absence of any explanation for how these cases might be applicable, a failure which is, itself, a sufficient basis to deny CBSG's motion. *Douris*, 229 F. Supp. 2d at 408 (noting it is the movant's burden "to demonstrate that exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment").

[8] Because the Court finds CBSG has failed to make the requisite showing under this prong, and each of the § 1292(b) prongs is necessary to relief, the Court need not analyze whether CBSG has shown the Court's Order and Memorandum involved controlling issues of law or an immediate appeal would materially advance the litigation.

**CONCLUSION**

For the reasons stated above, the Court will deny CBSG's motion for reconsideration and motion to certify this Court's March 29, 2019, Order and April 10, 2019, Memorandum for appellate review.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.